IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 23 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | |
|---|---|
| MARY KANTZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:11-CV-708-A |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION
### and
### ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

### Background

This action was initiated on September 2, 2011, in the District Court of Tarrant County, Texas, 352nd Judicial District, as Case No. 352-255166-11 by the filing by plaintiff, Mary Kantz, of her original petition ("petition"). Defendant, Wells Fargo, N.A., removed the action to this court by notice of removal filed October 7, 2011. On January 20, 2012, pursuant to this court's order, defendant filed an amended notice of removal. Defendant alleged that the court has subject matter jurisdiction because of

complete diversity of citizenship between plaintiff and defendant and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of her petition, plaintiff does not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, defendant contends that because plaintiff seeks injunctive relief to bar any foreclosure proceedings on the property, the minimum amount in controversy can be based on the appraised property value. In support of its position, defendant cites to legal authority standing for the proposition that the right and title plaintiff has in the property is the proper measure of the amount in controversy in an action such as this one. Am. Notice of Removal at 4-5.

With respect to the value of the property, defendant alleges there is sufficient information in the pleadings to determine that "the tax-appraised value of the Property is $156,000.00, well above the $75,000.00 limit for removal." Id. at 5. Defendant argues that the value of the property may serve as the amount in controversy, because plaintiff seeks "a determination as to whom is the rightful titleholder of the Property," and because plaintiff "seeks [a] determination that the Deed of Trust

2

is invalid and unenforceable." Id. Defendant further argues that:

> If the Court grants the relief requested, Plaintiff will hold indefeasible title to the entire Property and Wells Fargo would be unable to foreclose on the Property. Thus, Plaintiff's request for a declaration that effectively quiets title to the Property calls into question a right to the property in its entirety, and the amount in controversy is the value of the property.

Id. at 5 (internal citations omitted). Defendant states that plaintiff is seeking attorney's fees and unspecified damages, and concludes that "[c]onsidering the tax-appraised value of the Property made the subject of Plaintiff's request for injunctive relief ($156,000.00)," the minimum threshold has been met by a preponderance of the evidence. Id.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action exceeds the required amount.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal

3

district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

4

The amount in controversy is measured from the perspective of the plaintiff. <u>Vraney v. Cnty. of Pinellas</u>, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983).

### III.

### The True Nature of Plaintiff's Claims

Plaintiff's petition does not specify a dollar amount of recovery sought that is at least $75,000.00, nor does it define with specificity the value of the right sought to be protected or the extent of the injury sought to be prevented. As a result, the court has evaluated the true nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is to prevent defendant from taking possession of the property pursuant to its foreclosure proceedings. As the petition alleges, plaintiff pursues that goal by seeking (a) an order barring any foreclosure or forcible detainer proceedings; and (b) a money judgment to compensate it for damages it has suffered, because defendant lacked the proper authority to foreclose on the property or to threaten it with a foreclosure sale. The court has not been provided with any

information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

Defendant contends that the appraised value of the property serves as the amount in controversy because plaintiff asserts equitable relief in the form of a claim for injunctive relief. Defendant relies on the oft-cited argument that "[i]n an action for declaratory judgment, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented." Am. Notice of Removal at 4 (citing Hartford Ins. Group v. Lou-Con. Inc., 293 F.3d 908, 910 (5th Cir. 2002) and St. Paul Reinsurance Co., Ltd. v. Greenberg, 135 F.3d 1250, 1253 (5th Cir. 1998)). In the section of its amended notice of removal quoted in section I of this memorandum opinion, defendant suggests that plaintiff's interest in the property is $156,000, the appraised property value.

However, the court is not persuaded by the argument that this figure supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how much equity she has in the property. Defendant does not cite to, nor can the court discern, any such statement to support a finding that the value of the property is the amount in controversy. That is, defendant's attribution of the $156,000 figure as damages is an act of its own doing--not plaintiff's.

6

To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1] As for the argument concerning the validity of the deed of trust, the speculative and legally unsound allegation by plaintiff that the possible separation of the ownership of the note from the deed of trust caused the note to be "likely paid and discharged," Am. Notice of Removal, Ex. B at 4, ¶ 2, simply does not satisfy the preponderance of the evidence standard for proof of jurisdictional amount.

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to retain possession of the property. Nothing is alleged that would put a monetary value to plaintiff's accomplishment of those goals. While plaintiff appears to request equitable relief based on a claim that she is entitled to hold legal title in the property, she does not assert that such relief is based on a claim that she has outright ownership of the property, free of any indebtedness. Indeed, plaintiff makes statements to suggest that her ownership of the

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

property is encumbered by a debt, or more precisely, a security lien.[2] The value to plaintiff of her rights in the litigation is, at most, the value of her interest in the property, not the value of the property itself. Thus, defendant has not established the value of plaintiff's interest in the property.

Finally, defendant seems to suggest that a request for attorney's fees may support a finding that the amount in controversy is met. Am. Notice of Removal at 5. Without an amount to serve as a basis for compensatory damages, however, the court cannot form any reliable estimate for the amount plaintiff could recover for attorney's fees.

Thus, defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

---

[2] Plaintiff makes statements to indicate that her ownership of the property is subject to a security lien placed by the deed of trust, such as: "The Deed of Trust places a security lien on the real property." Am. Notice of Removal, Ex. B at 2-3.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED January 23, 2012.

_____
JOHN McBRYDE
United States District Judge